UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff/Respondent,<br><br>v.<br><br>GILBERT CARRASCO,<br><br>　　　　　　　Defendant/Petitioner. | Case Nos.: 17CR3938-JLS<br>　　　　　　22CV0234-JLS<br><br>**ORDER:**<br><br>**1) DISMISSING DEFENDANT'S MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE OR CORRECT SENTENCE;**<br>**2) DENYING DEFENDANT'S MOTION TO APPOINT COUNSEL; and**<br>**3) DENYING CERTIFICATE OF APPEALABILITY**<br><br>**[ECF Nos. 103 and 109]** |

On February 18, 2022, Defendant Gilbert Carrasco filed a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (ECF No. 103). On September 6, 2022, Defendant filed a Motion to Appoint Counsel (ECF No. 109). Having considered Defendant's § 2255 motion and the record in the case, the Court concludes that the motion is time-barred and, therefore, must be dismissed for lack of jurisdiction. For this reason, the Court finds no good cause for the appointment of counsel.

**Background**

On July 11, 2018, Defendant Carrasco was convicted following a jury trial of possession of methamphetamine with intent to distribute (500 grams and more) in violation of 21 U.S.C. §841(a)(1). Defendant was subsequently sentenced by this Court to the statutory mandatory minimum term of imprisonment of 120 months. ECF 66. An appeal was taken, and the Ninth Circuit Court of Appeals affirmed the conviction in an order issued on May 13, 2020.[1] ECF 87. Defendant filed a petition for certiorari which was denied by the Supreme Court on October 5, 2020. Court of Appeals Docket # 18-50417 Doc. No. 62. More than 16 months later, on February 18, 2022, Defendant filed the Motion at issue here.

**Discussion**

Defendant contends that his conviction should be vacated because he received ineffective assistance of counsel because his conviction was based on perjured testimony, because this Court should have suppressed the fruits of Defendant's arrest at a Border Patrol checkpoint, and because appellate and trial counsel failed to properly argue these issues. The rulings made by this Court with respect to the substantive issues of the constitutionality of the checkpoint, Defendant's detention, and the chain of custody of the drug evidence were fully litigated before this Court and on appeal, thus there appears to be no basis for Defendant's assertions of ineffective assistance of counsel.

However, the Court lacks jurisdiction to consider this issue because his motion was filed more than one year after Defendant's conviction became final[2] and is thus untimely

---

[1] The Court notes that the issues raised in Defendant's § 2255 motion are the same as those raised on appeal, with the exception that Defendant now also contends that his trial and appellate counsel were ineffective for failing to properly argue those issues.

[2] Defendant's conviction became final on October 5, 2020, the day the Supreme Court denied certiorari review. *See Clay v. United States*, 537 U.S. 522, 527 (2003) (recognizing that finality attaches when the Supreme Court "affirms a conviction on the merits on direct review or denies a petition for certiorari, or when the time for filing a certiorari petition expires." (citations omitted)).

pursuant to 28 U.S.C. § 2255(f)(1).³ Defendant contends that his motion is timely filed "per U.S. Supreme Court extensions due to Covid-19 wor[l]d pandemic," however Defendant presents no evidence of such extensions nor authority for this proposition. Nor has Defendant presented any specific extraordinary circumstances impeding him from filing a timely motion. Thus, the Court is unable to conclude that Defendant is entitled to equitable tolling. *See, e.g., United States v. Cazarez-Santos,* 655 Fed.Appx. 543 (9th Cir. 2016) (unpublished) (recognizing that equitable tolling is not applicable absent a showing of extraordinary circumstances impeding the filing of a timely petition). Accordingly, Defendant's motion must be dismissed as time-barred.

## Conclusion

The Court finds that the record conclusively demonstrates that Defendant is entitled to no relief because his motion was not timely filed under 28 U.S.C. §2255(f). Accordingly, this Court lacks jurisdiction and Defendant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by Person in Federal Custody is **Hereby Dismissed.** IT IS FURTHER ORDERED that Defendant's Motion to Appoint Counsel is **Hereby Denied**. Additionally, the Court **Denies** Defendant a certificate of appealability, as Defendant has not made a substantial showing that he has been denied a constitutional right.

IT IS SO ORDERED.

Dated: February 27, 2023

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge

---

³ 28 U.S.C. 2255(f)(1) establishes a 1-year period of limitation running from "the date on which the judgment of conviction becomes final."